IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARBARA TAYLOR**                                                                                  **PLAINTIFF**

**v.**                                                            CIVIL ACTION NO. 3:23-cv-412-HTW-LGI

**HUDSPETH REGIONAL CENTER A/K/A
MISSISSIPPI DEPARTMENT OF MENTAL HEALTH**              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Barbara Taylor, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII for retaliation, sexual harassment, and sex discrimination. Plaintiff also files this action to recover damages for the actions of the Defendant which constitute a breach of contract. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Barbara Taylor, is an adult female who resides in Rankin County, Mississippi.

2. Defendant, Hudspeth Regional Center a/k/a Mississippi Department of Mental Health, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

**JURISDICTION AND VENUE**

3. This Court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended.

4. This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed her Charge of Discrimination with the EEOC on March 17, 2023, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on March 30, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 43-year-old female resident of Rankin County, Mississippi.

7. Plaintiff was hired on July 5, 2022, as a Support Coordinator at Hudspeth Regional Center (HRC).

8. Beginning in August 2022, Director of Support Coordination Carolyn Jones began making remarks about Plaintiff's body and her clothes.

9. At one point, Ms. Jones instructed Supervisor Beatrice Williams to "tell [Ms. Taylor] that her panty lines are showing".

10. Plaintiff felt that Ms. Jones' comments were sexually harassing.

11. Around the beginning of October 2022, Plaintiff reported the comments to Human Resources (HR) Administrator Keesha Lowe Nash and Human Resources Administrative Assistant Devin LNU.

12. A couple days later, in early to mid-October 2022, a meeting was held by HR staff and attended by both Plaintiff and Ms. Jones.

13. During the meeting, Ms. Jones stated, "Maybe I'm envious because I don't have a rear like yours".

14. At the conclusion of the meeting in HR, Mr. Devin instructed Ms. Jones, "We can't be doing that [i.e., making body shaming comments] because it could be considered sex harassment".

15. Plaintiff contends Ms. Jones' comments toward her (Plaintiff) were sexually harassing and offensive.

16. On October 18, 2022, Plaintiff called Ms. Jones and explained that her doctor had taken her (Plaintiff) off work until October 23, 2022.

17. Ms. Jones acknowledged understanding of this.

18. A short while later that same day (October 18, 2022), Ms. Lowe Nash phoned Plaintiff and informed her that her contract with HRC was terminated, "effective today".

19. No reason was given for the termination.

20. Plaintiff received a letter dated October 18, 2022, stating, "This notice will serve as notification that your contract with Hudspeth Regional Center is terminated effective October 18, 2022. According to your contract, Page 3, Number 12, Hudspeth Regional Center may terminate this Contract without cause upon ten (10) days written notice to the Contractor…" See Contract at ¶ 12, a true and correct copy of which is attached as Exhibit "C."

21. On March 17, 2023, Plaintiff filed an EEOC Charge which included claims of sex discrimination, sexual harassment, and retaliation, *see* Exhibit "A."

22. As HRC's own termination letter stated, the contract that Plaintiff signed at the beginning of her employment states that if HRC is going to terminate her "without

cause", which it did, then Plaintiff must be given ten days written notice, which she was not.

23. On October 18, 2022, Ms. Lowe Nash stated to Plaintiff that Plaintiff's termination was "effective today".

24. Moreover, the termination letter states the same thing, i.e., that the termination was effective on October 18, 2022.

25. The requisite ten-day written notice was never given.

26. Ms. Taylor contends she was terminated in retaliation for reporting complaints of sexual harassment.

27. Moreover, the way HRC terminated Ms. Taylor constituted a breach of contract.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF TITLE VII - RETALIATION

28. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29. As described in more detail above, Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 for engaging in protected activity when she formally stated her complaint against Ms. Jones for sexual harassment.

30. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964 and entitle Plaintiff to the recovery of damages.

31. As a result of the Defendant's retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation,

embarrassment, emotional pain and suffering, and inconvenience and mental anguish.

32. As a result of the Defendant's retaliatory conduct, Plaintiff has suffered serious damages, including mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

### COUNT II:  VIOLATION OF TITLE VII – SEXUAL HARASSMENT

33. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 32 above as if fully incorporated herein.

34. Defendant has discriminated against Plaintiff because of her sex by subjecting her to unwanted sexual harassment as set forth in more detail above which constitutes a violation of the Title VII of the Civil Rights Act of 1964.

35. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

36. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT III:  VIOLATION OF TITLE VII – SEX DISCRIMINATION

37. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

38. Defendant has discriminated against Plaintiff because of her sex based on the facts identified above and which constitutes is a violation of the Title VII of the Civil Rights Act of 1964.

39. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

40. The unlawful actions of Defendant complained of above were intentional,

malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT IV: TORT OF BREACH OF CONTRACT

41. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 40 above as if fully incorporated herein.

42. The contract between Plaintiff and the Defendant required that Defendant provide Plaintiff with ten (10) days written notice before it could exercise its right to terminate the contract without cause. See Contract at ¶ 12, a true and correct copy of which is attached as Exhibit "C."

43. It is undisputed that Defendant failed to provide Plaintiff the requisite ten (10) days written notice.

44. As such, Defendant's actions constitute a breach of contract.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement; and
3. Compensatory damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 28th day of June 2023.

                                                    Respectfully submitted,

                                                    BARBARA TAYLOR, Plaintiff

By:   /s/Louis H. Watson, Jr.
        Louis H. Watson, Jr. (MB# 9053)
        Nick Norris (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com